The opinion of the court was delivered by
Duncan, J.
This was an action brought on a writing given by the defendant to the plaintiff, promising to deliver thirteen thousand feet of good merchantable boards; the above boards in full for the balance due for a mill frame and two sets of running gears bought from Packer.
The defendant gave in evidence a certain writing of Packer, dated the 17th of June, 1S20, and another writing, of the 10th of March, 1821, and then proved that there were not delivered to him a whole mill frame and two sets of running gears. The plaintiff then offered to prove, by parol evidence, that all the timber intended to be sold to Hook was then on the ground, and that the writing was obtained by fraud, and only intended as a guarantee against a supposed intent of Darling to seize the same; and further offered to prove, by parol evidence, that at the time the note was given the defendant knew of the deficiency, and that it was left to himself to fix the fair balance, and that he did fix this amount as the balance he ought to pay.
Now, as the defendant had given evidence that there was not a full mill frame and two sets of running gears, and therefore the consideration in part failed, the plaintiff ought to have been permitted to show that the note was really given for the value of the timber received, and nothing more; and that on his own estimation. The defendant says, “I ought not to pay my note, because it was given for that which I did not receive.” The plaintiff, to rebut that, *329 says, ££I will prove that your note was only given for what 3>-ou did receive.” The defendant knew at the time the timber he had got: he knew it was not the full price of a mill and gears, and he-gives his notes for the balance. If there was ambiguity, it was a latent one, which might be explained by parol evidence, and this inartificial instrument was not free from ambiguity. The bill of sale of the 17th of June, 1820, fixes no price for the timber; the notice does, and it was for this balance of the timber delivered, after it was delivered, and after it was proved not a full frame of a mill, &c., the parol evidence to rebut the defendant’s equity, to explain that which was ambiguous — what was meant by the balance due, was offered. The evidence ought to have been received.
Judgment reversed, and a venire facias de novo awarded.